IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02534-BNB

MARQUISE D. HARRIS,

    Plaintiff,

v.

PAT BOWLEN,
DENVER BRONCOS FOOTBALL ORGANIZATION (sued individual official capacity),
CRIME STOPPERS (sued individual official capacity),
MIKE MILLS (sued individual official capacity),
DAVID FISHER (sued individual official capacity),
SETEVE WILSON (sued individual official capacity),
TIM TWINING (sued individual official capacity),
STEVE SEGAL (sued individual and official capacity),
BRUCE LEVINS (sued individual and official capacity),
RICHARD B. HARRIS (sued individual and official capacity),
GERALD WHITMAN (sued individual official capacity),
MICHAEL MARTINEZ (sued individual capacity),
CITY & COUNTY OF DENVER (sued official capacity), and
DENVER DEPARTMENT OF SAFETY (sued official capacity),

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Marquise D. Harris, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Harris is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harris will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint is deficient

because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harris fails to provide a short and plain statement of the grounds for the court's jurisdiction. Mr. Harris asserts various claims alleging violations of the Colorado Consumer Protection Act. Although he alleges that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over these claims, he fails to allege sufficient facts to demonstrate that diversity jurisdiction is appropriate. To invoke federal diversity jurisdiction pursuant to § 1332, the facts essential to show jurisdiction must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929

F.2d 1519, 1521 (10th Cir. 1991).

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Mr. Harris alleges that the amount in controversy exceeds $75,000.00. However, based on the addresses Mr. Harris provides for himself and Defendants, it appears that all of the parties are citizens of Colorado. As a result, Mr. Harris fails to allege facts that demonstrate diversity of citizenship. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978) (stating that a federal court has diversity jurisdiction under § 1332(a)(1) to entertain state law claims only when "*each* defendant is a citizen of a different State from *each* plaintiff" and that "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant").

Mr. Harris also fails to provide a short and plain statement of his claims showing that he is entitled to relief because he fails to allege specifically what each Defendant did that allegedly violated his rights under the Colorado Consumer Protection Act. In order to state a claim in federal court, Mr. Harris "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Harris file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Harris shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harris fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 27, 2012, at Denver, Colorado.

                              BY THE COURT:

                              s/ Boyd N. Boland
                              United States Magistrate Judge